## SILAS C. HERRING ET AL.

### v.

## ALBERT PORITZ.

1. NON-SUIT—STATUTE OF LIMITATIONS.—A non-suit is a mere default and neglect of the plaintiff, and he is allowed to begin his suit again. So where a plaintiff had commenced his suit, and pending such suit, the time limited for bringing such action expired, and upon the call of the case the plaintiff failed to appear and was non-suited, *held*, that he could again begin suit within one year from the rendering of such non-suit, and the cause of action was not barred by the Statute of Limitations.

2. PLEADING FORMER SUIT.—A rejoinder averring a suit brought in the County court, and dismissal of the same, if it fails to allege that such court had jurisdiction of the subject-matter, is obnoxious to a demurrer.

3. PRACTICE—PREPONDERANCE OF EVIDENCE.—It will not do to say as a matter of law, that there can be no preponderance of evidence in favor of the party holding the affirmative, when there are but two witnesses upon the facts in issue, and one testifies contrary to the other. In such cases the court or jury are to judge of the credibility of the witnesses.

4. STATUTES—RULE OF CONSTRUCTION.—The words of a statute, if of common use, are to be taken in their natural, plain, obvious and ordinary signification and import, and if technical words are used, they are to be taken in a technical sense, unless it clearly appears from the context or other parts of the instrument, that the words were intended to be applied differently from their ordinary or their legal acceptation.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 29, 1880.

Messrs. HOLMES, RICH & NOBLE, for appellants; that the action was barred by the Statute of Limitations, cited Angell on Limitations, § 323; Tidd's Pr. 16.

Messrs. D. C. & C. W. NICHOLS, for appellee; that the judgment will not be disturbed unless against the weight of evidence, cited Reynolds v. McCormick, 62 Ill. 412; Neustadt v. Hall, 58 Ill. 172; Wilson v. Bevans, 58 Ill. 232; Goodell v. Woodruff, 20 Ill. 191; C. & R. I. R. R. Co. v. Coal & Iron Co. 36 Ill. 60; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; Davis v. Hoeppner, 44 Ill. 306; Newman v. Lombard University, 62 Ill. 195; McFerran v. Chambers, 64 Ill. 118.

Interest is recoverable under the common counts: Tucker v. Page, 69 Ill. 183; McConnel v. Thomas, 2 Scam. 313; 1 Chitty's Pl. 358.

The copy of the account filed with the declaration is no part of the declaration, and must be preserved by bill of exceptions: Eggleston v. Buck, 24 Ill. 262; Humphrey v. Phillips, 57 Ill. 132; Quincy Whig Co. v. Tilson, 67 Ill. 351; Mo. Riv. Tel. Co. v. Nat. Bank, 74 Ill. 217.

As to meaning of nonsuit: 2 Burr. Law Dic. 242; 3 Black. Com. 376; 3 Chitty's Pl. 910.

The action was not barred by the statute: Roland v. Logan's Ex. 18 Ala. 314; Young v. Davis, 30 Ala. 219; Meisse v. McCoy's Adm'r, 17 Ohio, 229; Wintermute v. Montgomery, 11 Ohio, 446.

McALLISTER, J.   In this case, the declaration was upon the common counts in assumpsit.   Among other pleas by defendants, was that of the Statute of Limitations of five years, to which plaintiff replied, the bringing of a former suit upon the same causes of action within that time, in which he was nonsuited, averring that the time limited from bringing such action expired during the pendency of that suit, and that he brought this present suit within one year from such nonsuit. Defendants, by rejoinder, traversed the averment that plaintiff was nonsuited in such former suit; and by further rejoinder, averred that intervening said nonsuit and the bringing of this present suit, plaintiff brought an action upon the same causes of action in the County Court of Cook county, and voluntarily dismissed the same.   To this last rejoinder, plaintiff demurred, and the court sustained the demurrer.   On the trial

before the court without jury, the plaintiff, to sustain the issue as to his having been nonsuited, offered in evidence the record in the former suit, being that of the Superior Court, to which defendants objected; the court overruling the objection, the record was admitted in evidence and defendants excepted.

That record showed that the cause was called for trial, and defendants were present by their attorneys, but plaintiff failed to appear either in person or by attorney, and being three times called, his default was entered and on motion of defendants' attorneys the suit was dismissed and judgment went against plaintiff for costs.

The question is, whether that was a nonsuit within the meaning of Sec. 25 of the Statute of Limitations, which is as follows: "In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error or upon appeal, or if a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, or if the plaintiff be nonsuited, then if the time limited for bringing such action shall have expired during the pending of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case may require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after." R. S. 1874, p. 676.

The words of a statute, if of common use, are to be taken in their natural, plain, obvious and ordinary signification and import; and if technical words are used, they are to be taken in a technical sense, unless it clearly appears from the context or other parts of the instrument, that the words were intended to be applied differently from their ordinary or their legal acceptation. 1 Kent's Com. 462; Clark v. City of Utica, 18 Barb. 451.

Sedgwick says: "When technical words occur in a statute they are to be taken in a technical sense, unless it appears that they were intended to be applied differently from their ordinary or legal acceptation. So, when legislating upon subjects relating to courts and legal process, we are to consider the legislature as speaking technically, unless from the statute

itself it appears that they made use of the terms in a more popular sense." Sedgwick Const. of Stat. 221; Merchants Bank v. Cook, 4 Pick. 405; Snell v. Bridgewater Manufacturing Co. 24 Pick. 296.

The word "nonsuited" in the above statute has a well understood technical meaning, and being employed in a statute relating to proceedings in courts, it should be taken in a technical sense, there being nothing in the context to show to the contrary. That meaning is " adjudged to have deserted the suit by default of appearance as plaintiff. Nonsuit is to determine of record that the plaintiff drops his suit on default of appearance when called in court. When a plaintiff being called in court declines to answer, or when he neglects to deliver his declaration he is supposed to drop his suit; he is therefore nonsuited." Webster's Dict. 756.

Blackstone says: " If the plaintiff neglects to deliver a declaration for two terms after defendant appears, or is guilty of other delays or defaults against the rules of law in any subsequent stage of the action, he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a nonsuit or *non prosequitur* is entered, and he is said to be *non pros'd*. A retraxit differs from a nonsuit, in that one is negative and the other positive; the nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a retraxit is an open and voluntary renunciation of his suit in court, and by this he forever loses his action." 3 Com. 296. Bouvier says: " Nonsuit— the name of a judgment given against the plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed to the trial of a cause after it has been put at issue, without determining such issue." 2 Law Dict. 233. He divides these judgments into two classes—the voluntary and involuntary. The former arises from an abandonment of the cause, by the plaintiff absenting himself by failing to answer when called upon to hear the verdict. Jeptha v. Railroad Co. 1 Dutch. N. J. .556 An involuntary nonsuit takes place when the plaintiff, on being called when his cause is before the court for trial, neglects to appear, or when he has given no evidence on which

a jury may find a verdict.    Pratt v. Hull, 13 Johns. 334.    See, also, 7 Bac. Abr. Tit. Nonsuit, 214; 2 Tomlin's Law Dict. same title.

We think it clear, therefore, that the record in the former suit was properly admitted, and that it shows plaintiff was non-suited in that action within the meaning of said section 25. And also that the court properly sustained the demurrer to the rejoinder, averring a suit brought in the county court, for the reason that such rejoinder did not show that the county court had jurisdiction, the amount claimed exceeding one thousand dollars. A judgment in a court having no jurisdiction of the subject-matter, would be an absolute nullity; and a suit to to obtain such judgment would, necessarily, be nugatory.

Neither do we perceive any reason for disturbing the finding of the court upon the evidence.    It will not do to say as a matter of law, that there can be no preponderance of the evidence in favor of the party holding the affirmative, when there are but two witnesses upon the facts in issue, and one testifies contrary to the others.    In such case, the court or jury may apply the usual tests of credibility, give credence to the testimony of one, if he appear more worthy of it, and reject that of the other.

Perceiving no error in the record, the judgment of the court below will be affirmed.

Affirmed.