# CHARLESTON.

BARR *et al. v.* CLAYTON *et al.*

Submitted September 9, 1886—Decided November 25, 1886.

PARTIES—INTEREST IN SUIT.

A plaintiff can not obtain relief in equity, unless he both avers in his bill and, if the averment is denied, also proves, that he has an interest in the subject-matter of the suit, and a proper title to institute the suit. If his want of interest or right to sue appears upon the face of his bill, it ought to be taken advantage of by demurrer; but if it does not so appear, then the defendant may show such want of interest or title by plea or answer.   (p. 257.)

*B. F. Ayres* for appellant.

*T. E. Davis* for appellees.

SNYDER, JUDGE :

Suit in equity brought Jan'y, 1884, in the Circuit Court of Ritchie county by Sarah E. Barr and others against John S. Clayton and S. O. Fordyce, to set aside a tax-deed made by the clerk of the County Court of said county to the defendant, Clayton, May 30, 1881, for 83½ acres of land sold in 1879, for the non-payment of taxes due thereon for the year 1876, in the name of Mary Ripley ; and also to set aside a deed made Oct. 28, 1882, for said land by Clayton to the defendant, Fordyce, The bill alleges various grounds and irregularities in the tax-sale and proceedings on account of which the said tax-deed should be held void, but for reasons hereafter shown it is unnecessary to notice these allegations.   The important facts alleged in the bill are, that the plaintiffs are the children and heirs at law of the said Mary Ripley, now deceased, and that

by virtue of her death the said land descended to them, and they are now the legal owners thereof.

The answer of the defendant, Clayton, after responding to allegations of the bill in regard to the irregularities in the sale and proceedings on which said tax-deed .is founded, avers that the plaintiffs are not the owners of said 83½ acres of land; that the said Mary Ripley in her lifetime, by deed dated March 17, 1876, duly acknowledged and recorded, conveyed all of said land to R. S. Taggart, and that said Taggart by deed dated July 27, 1877, conveyed the land to one A. H. McGinnis, who was afterwards placed in possession thereof, and he has been in the possession ever since. Certified copies of both of these deeds are exhibited with the answer and the recitals and description therein fully identify the land as the same mentioned in the plaintiffs' bill.

The answer was replied to generally; the cause was heard on the bill, answer, replication and exhibits, but no depositions or other evidence than the exhibits filed with the bill and answer, and the court by its decree of June 18, 1885, dismissed the plaintiffs' bill with costs. From this decree the plaintiffs have appealed.

The general rule in ejectment for land is, that the right of the plaintiff to recover rests upon the sufficiency of his own title, and not upon the weakness of that of the defendant. The possession gives the defendant a right to hold the land against every person who can not show a good title.— *Whitten* v. *St. Clair*, 27 W. Va. 762; *Core* v. *Fauple*, 24 Id. 238.

It is equally well settled in equity that the plaintiff cannot maintain his suit, unless he both avers and establishes by proof where the averment is denied, that he has an interest in the subject-matter of the suit, or right to the thing demanded, and a proper title to institute the suit. These are essential to sustain his right to any relief—Story's Eq. Pl., § 728; Mitf. Eq. Pl. by Jeremy, 231, 232. If such want of title appears upon the face of the bill, it should be taken advantage of by demurrer. If, however, the bill shows a title apparently good, the defendant may by plea or answer show, either that nothing was ever vested in him, or that the title which he had has been transferred to another—Story's Eq. Pl. §§ 728, 260, 261.

33

In the case before us the answer of the defendant, Clayton, and the certified copy of the deed filed therewith establish beyond question that the plaintiffs never had any title to the land in controversy, because the said Mary Ripley, under whom they profess to claim title by descent, had in her lifetime, by absolute deed, conveyed the land and all her interest therein to R. S. Taggert. The plaintiffs' bill was therefore properly dismissed by the Circuit Court and the decree must be affirmed.

AFFIRMED.