LAMSON et al. v. HUTCHINGS.*

(Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

No. 851.

**1. CORPORATIONS—STOCKHOLDERS—STATUTORY LIABILITY—FRAUDULENT TRANS FER OF SHARES—ACTION AT LAW—PROOF.**

Where, in an action at law to recover a statutory liability against stockholders of a corporation, who had transferred their shares, it was alleged that such transfer was fraudulent, and for the purpose of avoiding their liability, plaintiff was entitled to prove in that action that the assignment was fraudulent and void, and for that reason was no defense.

**2. SAME—LIMITATION OF ACTION—CONSTRUCTION.**

2 Starr & C. Ann. St. p. 2642, c. 83, par. 25, provides that in any of the "actions" specified in any of the sections of the act, if judgment shall be given for plaintiff, and shall be reversed by writ of error or on appeal, or if plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of the suit, plaintiff may commence a new action within a year after such judgment reversed or given against the plaintiff, and not after. *Held,* that the word "action" in such section was not limited to actions at law, but included suits in equity, and hence, where plaintiff was nonsuited in a chancery suit, and limitations ran against his claim during the pendency of such suit, he was entitled to commence an action at law on the claim within a year after the entry of the nonsuit.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This action is at law to enforce against the plaintiffs in error a statutory liability as stockholders in the Cherokee Brilliant Coal & Mining Company, a corporation of the state of Kansas. That corporation became indebted to George Fowler in the year 1884, the indebtedness maturing January, 1886. Prior to the maturity of that indebtedness the plaintiffs in error became large stockholders in the corporation, with knowledge of its indebtedness. In October, 1888, Fowler obtained judgment against the corporation in the circuit court of the United States for the district of Kansas, and execution issued thereupon was returned nulla bona in February, 1889. Subsequently Fowler obtained a judgment against the corporation in the state of Illinois, founded upon the judgment in the district of Kansas, and in October, 1890, instituted a creditor's proceeding in chancery in the superior court of Cook county to enforce the statutory liability of the plaintiffs in error, and decree was therein entered against them; but upon appeal to the supreme court of Illinois the decree was reversed upon the ground that the liability of the plaintiffs in error under the statute of Kansas could not be enforced in the courts of the state of Illinois, and that the chancery proceedings for that reason must be dismissed. Fowler v. Lamson, 146 Ill. 472, 34 N. E. 932, 37 Am. St. Rep. 163. The bill was finally dismissed on the 4th day of February, 1897. This action at law was commenced on the 24th day of August, 1897. The cause was tried to the court without a jury, resulting in judgment against the plaintiffs in error upon special findings of fact upon all the issues involved; one of which determines that on the 21st of May, 1886, the plaintiffs in error were the owners of 521 shares of the capital stock of the company, and on that date transferred 519 shares to one Whitner without consideration, and solely to defeat their personal liability thereon as charged in the declaration.

David M. Kirton and Wm. H. Barnum, for plaintiffs in error.
E. F. Thompson, for defendant in error.

* Rehearing denied November 15, 1902.
¶ 2. See Limitation of Actions, vol. 23, Cent. Dig. § 558.

Before JENKINS and BAKER, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge. The two propositions upon which the case here must turn are: First, whether the court below erred in admitting evidence of the alleged fraudulent transfer by the Lamsons of the 519 shares of the capital stock owned by them in the debtor company; second, whether the claim of the defendant in error is barred by the statute of limitations. When this cause was previously before us (Hutchings v. Lamson, 37 C. C. A. 564, 96 Fed. 720), we held, following our ruling in Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512, 34 L. R. A. 742, that the action to enforce liability under the statute of one state may be maintained in a federal court sitting in another state. It is urged in behalf of the plaintiffs in error that evidence of the fraudulent transfer by plaintiffs in error is not admissible in an action at law. We think this contention cannot be upheld. A transfer of stock without consideration, and merely to avoid the statutory liability of the stockholder to creditors, is as to such creditors, void, and the stockholder may be treated as still a stockholder in the corporation. The inquiry was, were these plaintiffs in error stockholders of the corporation, and by reason thereof liable under the statute for the debt of the corporation? While this corporation was insolvent and owing the debt demanded, the plaintiffs in error, stockholders in that corporation, and under the statute of Kansas liable for this debt, transferred their stock to a dummy, without consideration, to avoid that liability. The question, therefore, was whether they absolved themselves of liability to the defendant in error by such fraudulent transfer. The proceeding was not to follow property fraudulently conveyed, but to enforce a statutory liability existing at the time of the transfer. It is claimed that such liability is defeated by reason of the fraudulent transfer. But since that could not result from the fraudulent act they are, as to the creditors and notwithstanding such transfer, members of the corporation. We perceive no reason why the inquiry as to the fraudulent nature of the transaction may not be inquired of in a court of law. Dauchy v. Brown, 24 Vt. 210; Marcy v. Clark, 17 Mass. 330; McClaren v. Franciscus, 43 Mo. 452; Middletown Bank v. Magill, 5 Conn. 30; Paine v. Stewart, 33 Conn. 516; Rider v. Morrison, 54 Md. 429. It seems to us not other or different from a case where a demand is sought to be enforced at law, and a receipt or release of the claim is interposed as a defense, which was obtained fraudulently. In such case a court of law is undoubtedly qualified to sweep away the fraudulent transaction which stands between the plaintiff and recovery upon his demand. Or the case may be likened to replevin for personal property fraudulently obtained, the title to which, because of the fraud, does not pass. In such case the fraud may be inquired into by a court of law, for the recovery does not proceed because of, nor is it dependent upon, the fraud.

A more difficult question is presented by the plea of the statute of limitations. We ruled, when the case was previously here, that the Illinois statute of limitations of five years should be applied. The right of action accrued not earlier than June 18, 1886, the date of the

dissolution of the corporation. In 1890 the chancery suit was brought in the state of Illinois, and was dismissed on February 4, 1897, and this suit was commenced within one year after such dismissal. By the act of July 1, 1873 (2 Starr & C. Ann. St. p. 2642, c. 83, par. 25), which amends the general statute of limitation of that state, it is provided:

"In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited. then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Does this section include suits in chancery? The question has not been decided by the supreme court of Illinois, so far as we have been able to learn, and we are free to give it such construction as will best meet the intention of the law-making power. It would be profitless to review the history of the growth and interpretation of statutes of limitation. Formerly, they were construed strictly, the courts seeming to lean to the thought that they should only be applied to cases within the strict letter of the statute; treating the statute with disfavor, because, as was supposed, it was a weapon by which to defeat an honest debt. In modern times courts have looked favorably upon the statute as one of repose, to prevent the prosecution of stale claims when the witnesses to the transaction may be dead. The latter theory appeals to us as equitable, and that in the interest of peace such statutes should be given liberal interpretation; that one who lies by dormant and fails to present his claim to a court of justice at a time when the witnesses to the transaction are living, ought not to receive the assistance of a court of justice. By that same token we think that this statute of Illinois, which seeks to relieve the diligent but mistaken claimant from the consequences of his mistake, should receive a like liberal interpretation in the interests of justice and of fair play. The general statute of limitation of the state of Illinois would seem to cover, in some instances at least, not only legal, but equitable, claims. It would seem to comprehend all proceedings with reference to real estate, whether legal or equitable. It provides by paragraph 11 that no one shall commence an action to foreclose a mortgage or a deed of trust unless within the specified time. The action here referred to is undoubtedly the suit in equity to foreclose. Ordinarily, the terms "suit" and "action" are synonymous or convertible. In a general sense, civil actions include actions at law, suits in chancery, proceedings in admiralty, and other judicial controversies in which rights of property are involved. And so, also, the terms "judgment" and "decree," while, strictly speaking, applicable, the former to suits at law and the latter to suits in chancery, are usually employed as convertible terms. The statute of Illinois provides that "all general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the legislature may be fully carried out." 3 Starr & C. Ann. St. Ill. p. 3833, c. 131, par. 1. And so it is ruled that a thing within the intention is within the statute, though not within the letter;

and a thing within the letter is not within the statute unless within the intention. People v. Gaulter, 149 Ill. 39, 36 N. E. 576.

Turning now to the statute in question, we find that it employs the word "actions" with reference to any of the proceedings specified in the general act, which, as we have seen, may include a suit to foreclose a mortgage. It provides that, if the judgment in any such action shall be reversed by writ of error or upon appeal, and during the pendency of such suit the time limited for bringing an action shall have expired, the plaintiff may commence a new action within one year after such judgment reversed. The terms "action" and "suit" are here employed as convertible terms. It will also be seen that it speaks of a reversal by writ of error or upon appeal. In a common-law state, unless otherwise regulated by statute, judgments at law are not reviewed by appeal, but by writ of error only. We think this language must refer to all actions, legal or equitable, reviewable by writ of error or by appeal. The intent of the statute was that the time occupied in an unsuccessful litigation touching a demand—the statutory limitation expiring during the litigation—should not prove a bar, where the merits of the controversy had not been determined, but that a period of one year should be allowed after the expiration of the unsuccessful litigation to bring a proper action to enforce the demand; and this whether the unsuccessful litigation be at law or in equity. The legislature was not dealing with form merely, but with substance, to relieve from mistaken proceedings. We have been referred to several cases, notably Dawes v. Railroad Co., 96 Va. 733, 32 S. E. 778; Gray's Adm'x v. Berryman, 4 Munf. 181; Elam v. Bass' Ex'rs, Id. 301; Roland v. Logan, 18 Ala. 307. It is sufficient to say, without approving or disapproving the reasoning of the court in those cases, that they are founded upon statutes unlike the one here. The reasoning of the courts in those cases is founded upon the precise terms of the statute, which sought to bar legal actions only, and extends the time only when the judgment, not going to the merits, is reversed by a writ of error, the language "or upon appeal" not being within the terms of the statute; while in the statute we are considering the words "suits" and "actions" are used as convertible terms, and the reversal provided for may be by writ of error or by appeal, indicating that the word "judgment," as used, comprehends the decree of a court of chancery as well as the judgment of a court of law. This construction is upheld in the decision of the circuit court of appeals for the Eighth circuit in Alexander v. Gordon, 41 C. C. A. 228, 101 Fed. 91, construing the statute of Arkansas, like to the one here. It is there held that a suit at law commenced within one year after the dismissal of a chancery suit was within the saving statute, and that the statute of limitations did not bar the action. The dismissal of the chancery suit here did not go to the merits of the cause. The judgment of the appellate tribunal instructed the claimant that he had mistaken his forum. The case, in our judgment, is clearly within the intent of the statute, and we think also within the letter.

The judgment is affirmed.