### McANDREWS v. CHICAGO, L. S. & E. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

No. 1,439.

**1. ACTION—"CAUSE OF ACTION"—ELEMENTS.**

The phrase "cause of action" comprises every fact necessary to the right to the relief prayed for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 1.

For other definitions, see Words and Phrases, vol. 2, pp. 1015–1019; vol. 8, p. 7598.]

**2. SAME—"SUBJECT-MATTER OF THE ACTION."**

The "subject-matter of the action," in personal injury suits, is the circumstances and the facts out of which the cause of action arises.

**3. SAME—"ACTION" DEFINED.**

An "action" is the means that the law has provided to put a cause of action into effect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 85.

For other definitions, see Words and Phrases, vol. 1, pp. 128–140.]

**4. JUDGMENT—RES JUDICATA—QUESTION DETERMINED.**

A decision of the highest state court res judicata between the parties that plaintiff could not, by amendment after the expiration of limitations, file additional counts curing fatal omissions in the original declaration, was not conclusive against plaintiff's right to commence a new suit on the same cause of action under Starr & C. Ann. St. Ill. 1896, c. 83, par. 25,

giving the right to commence a new suit within a year after judgment, reversed or given against plaintiff, in a case in which limitations have run pendente lite.

**5.** LIMITATIONS OF ACTION—PLEADINGS—AMENDMENT—NEW ACTION.

Plaintiff sued for injuries in a state court for defendant's alleged negligence in moving a certain car which plaintiff was unloading. After limitations had expired, plaintiff filed additional counts, disclosing the same cause of action, but adding certain necessary allegations concerning the relationship of the parties to each other and the duties arising therefrom. It was held on appeal that these amended counts constituted a new cause of action, barred by limitations, and that, as the original declaration was insufficient because of such omissions, plaintiff's judgment could not be sustained. *Held*, that plaintiff was thereafter entitled to commence a new suit, based on the same facts, within a year after the final determination of the former one, under Starr & C. Ann. St. Ill. 1896, c. 83, par. 25, declaring that if judgment for plaintiff shall be reversed, and the time limited for bringing the action shall have expired pending the suit, plaintiff may commence a new action within a year after such judgment reversed or given against him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 565.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

James C. McShane, for plaintiff in error.

Kemper K. Knapp, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. This writ of error is prosecuted to reverse a judgment of the court below sustaining a demurrer to plaintiff in error's replication to a plea of the statute of limitations, to which order sustaining the demurrer exception was duly taken—the plaintiff electing to stand by his replication.

The action was to recover for personal injuries received by the plaintiff on the 16th of July, 1901, while upon the tracks of defendant in error, in performance of his duty to the Illinois Steel Company of which he was an employé—the car on which he was then engaged in unloading having been placed on the tracks by defendant in error for the purpose of such unloading—the declaration averring that such car was struck, while plaintiff was engaged thereon, by a train of the defendant in error negligently backed upon the same, the defendant in error knowing, or by the exercise of ordinary care having reason to know, that the plaintiff in error was upon such car, and exposed to such danger. The action was commenced on the 9th day of November, 1906.

The statute of limitations having been pleaded, replication was filed, setting forth that on the 26th of November, 1901, and within two years after the date of the injuries, suit was commenced in the Superior Court of Cook County to recover damages for such injuries; that a declaration was filed in said suit—the declaration being in the terms of the declaration filed here, except its omission of the averment that the plaintiff in error, at the time of the accident, was in discharge of his duty as an employé of the Steel Company, and of the averment also, that the car had been placed by the defendant in error to be un-

loaded by the employés of the Steel Company, and of the further aver-
ment that the defendant in error knew, or by the exercise of ordinary
care ought to have known, that the plaintiff in error was in a place
of danger; that to such declaration a plea of not guilty was entered;
that on the 17th of November, 1903, (more than two years after the
injuries) by leave of court, additional counts were filed—the addition-
al counts in effect correcting the omissions of the original declaration
as indicated; that to said additional counts the plea of the statute of
limitations was filed, it being alleged therein that the supposed cause
of action was "another and different cause of action" from the one
set forth in the original declaration; that a demurrer was filed to
said pleas of the statute of limitations, and sustained; that upon trial,
the jury returned a verdict in favor of the plaintiff in error for the
sum of twelve thousand dollars; that motion for new trial and mo-
tion in arrest of judgment were overruled, and judgment entered on
the verdict; that in the Appellate Court, to which the case was ap-
pealed, it was held that the original declaration in the cause did not
state a cause of action, and was wholly insufficient to support a judg-
ment for the plaintiff in error upon the verdict returned; and that
the additional counts were filed more than two years after the injuries,
and state another and different cause of action, barred by the statute
of limitations; whereupon the judgment was reversed; and that such
judgment of the Appellate Court, reversing the judgment of the Su-
perior Court was, on the 14th of June, 1906, affirmed by the Supreme
Court.

The statutes of Illinois provide that:

"In any of the actions specified in any of the sections of said Act, if judg-
ment shall be given for the plaintiff, and the same be reversed by writ of
error, or upon appeal; or if a verdict pass for the plaintiff, and, upon mat-
ter alleged in arrest of judgment, the judgment be given against the plaintiff;
or, if the plaintiff be nonsuited, then, if the time limited for bringing such
action shall have expired during the pendency of such suit, the said plaintiff,
his or her heirs, executors or administrators, as the case shall require, may
commence a new action within one year after such judgment reversed or
given against the plaintiff, and not after"—an action for personal injuries
being within the act therein named.  Starr & C. Ann. St. 1896, c. 83, § 25.

If the section of the Illinois statutes above quoted applies, under all
the circumstances stated, to the action now under review, the Cir-
cuit Court erred in sustaining the demurrer to the plaintiff in error's
replication.  If, on the other hand, the section quoted does not apply,
the demurrer was rightly sustained.  The whole question thus raised
is one of interpretation.

The phrase "cause of action" comprises every fact necessary to the
right to the relief prayed for.  The "subject matter of the action," in
personal injury suits, are the circumstances and facts out of which
the cause of action arises.  And "action" is the means that the law has
provided to put the cause of action into effect.

Unquestionably the Supreme Court of Illinois has held that where,
in a personal injury suit, the declaration fails to state facts constitut-
ing a cause of action, an attempted amendment to such declaration,
supplying the facts that do make out a cause of action, but filed after
the lapse of the statute of limitations, is a new and different cause of

action. Mackey v. Northern Milling Co., 210 Ill. 115, 71 N. E. 448; Eylenfeldt v. L. S. Co., 165 Ill. 185, 46 N. E. 266. From which it follows that in the state court between these parties, respecting this cause of action, it has been adjudicated that the plaintiff in error may not, by amendment after the lapse of two years, file counts that cure the omissions of the original declaration—this adjudication being res adjudicata as between the parties thereto, not upon any issue of fact raised, for no issue of fact was raised, but upon what, under the law of Illinois, can be done by amendment or additional counts, before trial.

Giving to that adjudication then, its full force, as constituting the law of this case between these parties, relating to the rights of amendment or the filing of additional counts, the question recurs, what is the plaintiff in error's right, if any, under section 25 quoted; for there has been no adjudication between these parties as to the application of that section to the right of plaintiff in error to bring a suit within the year named.

Were there any interpretation of that section by the Supreme Court of Illinois, governing the case now before us, we would probably feel ourselves obliged to follow it. But there is no such interpretation. True, as in Gibbs v. Crane Elevator Co., 180 Ill. 191, 54 N. E. 200, where the former suit had been determined by an involuntary non-suit for failure to file a declaration within the time required by the statute, the court held that a new suit would not lie within section 25; but for this reason, that no declaration having been filed, the identity of the cause of action intended to be enforced by the suit could only be determined by parole testimony. And the other cases cited are determined by substantially the same consideration.

The action brought in the court below grows out of the fact that the plaintiff in error, an employé of the Illinois Steel Company, in discharge of his duty as such employé, while on a car being unloaded on the tracks of the defendant in error, and placed there by defendant in error to be so unloaded by such employé, was struck by a train of cars operated by the defendant in error at a time when defendant in error knew, or ought to have known, of the presence of the plaintiff in error, and under circumstances alleged to show negligence sued upon, and the facts, thus fully stated, constitute the cause of action. An inspection of the original declaration in the state court, unaided by parol evidence, shows beyond question, that that action grew out of the same facts so far as they were stated—disclosing precisely the same cause of action except for the omission of certain circumstances bearing upon the relationship of the parties to each other, and the duties arising thereon.

To supply the omissions does not, in our judgment, make the one "action" different from the other within the purpose of section 25. "A broad view of this section," to quote the opinion of the court in Wetmore v. Crouch, 188 Mo. 617, 87 S. W. 954—"a view that takes in as well, the remedy to be advanced as the mischief to be retarded, and that does not deal in 'mint and anise and cummin,' but goes to the weightier matter of the law—shows that it was in the legislative mind that a litigant should have a day in court—a trial on the merits of his cause." The merit of his cause is not what the pleader either

puts or inadvertently omits to put into the declaration—the merits of his cause are the existent facts that make the one liable to the other when properly stated in the declaration. And those facts, and the cause of action that was intended to be predicated upon them being the same in the action that was reversed, and in the action that is now brought, a case is made out, it seems to us, within the intent of the saving section. Lamson v. Hutchings, 118 Fed. 321, 55 C. C. A. 248. Indeed, insufficiency of the declaration is the most common cause for arresting judgments. And if it was the intention of the legislature to exclude such cause, and make the statute relate only to the infrequent and incidental matters which can be urged in arrest of judgment, it is fair to presume that the legislature would have used expressions calculated to convey that meaning.

The judgment of the Circuit Court will be reversed and the case remanded with instructions to overrule the demurrer to the replication; and to proceed further in accordance with this opinion.