the deceased and the defendant, and the judgment of the County Court of Cook county must be reversed, and for the reason stated the cause will be remanded for a new trial.

*Reversed and remanded.*

### Isaac N. Rice, Appellant, v. Thomas E. Dougherty and Schaeffer Piano Manufacturing Company, Appellees.

### Gen. No. 20,293.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 17, 1915. Rehearing denied July 3, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Isaac N. Rice filed an amended bill of complaint against Thomas E. Dougherty and the Schaeffer Piano Manufacturing Company, to which the defendants filed a general and special demurrer. The chancellor sustained the special demurrer and dismissed the bill, and this appeal followed.

The amended bill alleged that on January 22, 1900, the complainant filed a bill of complaint alleging that the complainant and the defendant Dougherty were partners and owners of certain property, business and profits in the hands of the defendant, the Schaeffer Piano Manufacturing Company, and praying that an accounting be had between the complainant and the defendants in relation thereto. The facts alleged in the bill of January 22, 1900, were substantially the same as those alleged in the present one. It was further alleged in the bill of January 22, 1900, that the

matters and things set forth therein constituted a partnership between the complainant and the defendant Dougherty; that such proceedings were had on said bill that on July 13, 1906, a final decree was given in favor of the complainant and against said defendant; that afterwards, on October 20, 1911, such decree was reversed by the Appellate Court of Illinois in and for the First District thereof (without a finding of facts), with directions to the Circuit Court to dismiss the bill of complainant (165 Ill. App. 125); that thereafter an order was entered in the latter court dismissing the bill.

It was further alleged that the facts stated in the first bill of complaint showed that Dougherty was a constructive trustee for the complainant, and that such question was not disposed of in the previous decision. Complainant thereupon brought the second action on the ground that Dougherty was a constructive trustee.

RICE, LOWES & O'NEIL, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

LIMITATION OF ACTIONS, § 55*—*when expiration of statute pending appeal precludes new suit after reversal.* The provisions of section 25 of the Revised Statutes (J. & A. ¶ 7220) that if a judgment in favor of a plaintiff shall be reversed by the Appellate Court that a new action may be brought within one year thereafter, does not apply where a case is reversed on the merits, and the new action is based on the same state of facts as the former action, although on a different legal theory.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.