SACHS et al. v. OHIO NAT. LIFE INS. CO.

No. 8027.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1942.

Sidney W. Mandel and Millard C. Eiseman, both of Chicago, Ill. (Lawrence J. West and Leo Spira, both of Chicago, Ill., of counsel), for appellants.

Karl Edwin Seyfarth and Benton Atwood, both of Chicago, Ill., for appellee.

Before EVANS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

On July 6, 1931, plaintiffs sued in the state court to enforce the super-added liability of stockholders of an insolvent bank. On June 30, 1934, the court entered final decree against numerous defendants. The defendant here was not a party to that action. On July 3, 1935, plaintiffs filed an amended and supplemental complaint in the same action, naming defendant for the first time, and alleging that it had assumed all the liabilities of the American Old Line Insurance Company, including the latter's liability as stockholder of the bank. Defendants removed the cause to the District Court, which held for defendant but was reversed on appeal, November 28, 1940. 7 Cir., 116 F.2d 113. The cause having been remanded, on October 2, 1941, defendant filed an amendment to its answer, averring that the state court had been without jurisdiction of the amended and supplemental complaint because it had not been filed within a year after the entry of the original final decree. Thereupon the District Court dismissed the cause for want of jurisdiction. On January 3, 1942, plaintiff instituted the present action for the same relief sought in the prior suit. The District Court entered judgment for defendant on the ground that the suit

was barred by the Illinois Statute of Limitations. This appeal followed.

Section 24 of the statute, Ill.Rev.Stat. 1941, c. 83, sec. 24a reads: "In any of the actions specified in any of the sections of this act, if judgment shall be given for the plaintiff, and the same be reversed by writ of, error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

The parties agree that plaintiff's cause of action accrued not later than July 6, 1931 when the bank failed. Hood v. Commonwealth Tr. & Savings Bank, 376 Ill. 413, at page 420, 34 N.E.2d 414. Therefore more than 10 years elapsed between the time when the suit might have been brought and January 3, 1942 when this action was filed. Unless the facts bring this case within one of the exceptions provided for in section 24a of the statute, plaintiffs' action is barred.

Plaintiffs claim that the dismissal for want of jurisdiction of the amended and supplemental complaint filed in the former suit, before ten years had elapsed, was a nonsuit within the meaning of section 24a and, since they began the new suit within a year following such judgment, that the statute created no bar to the new action.

Under strict common law interpretation, "nonsuit" meant a judgment rendered against plaintiff when he was unable to prove his case or when he refused or neglected to proceed to a trial on the merits. Herring v. Poritz, 6 Ill.App. 208; Holmes v. Chicago & A. R. R., 94 Ill. 439; Boyce v. Snow, 187 Ill. 181, 58 N.E. 403; Bouvier's Law Dictionary, Rawle's Third Rev., p. 2360. The Illinois authority as to whether the term is used in section 24a in its strict common law sense, or is to be interpreted in a broader sense is rather scant. But such as exists implies clearly that the word was meant to apply not only to situations where plaintiff has been unable to prove his case or has neglected to proceed to trial of the issues, but to all involuntary judgments of discontinuance or dismissal for want of proof or jurisdiction leaving the merits untouched.

In Wiehe v. Atkins, 126 Ill.App. 1, suit was brought before a justice of the peace and, on motion of defendant, dismissed. Although the opinion does not state clearly the basis for the discontinuation, the record discloses that the action was dismissed for want of jurisdiction. A new suit was instituted after the Statute of Limitations had run. The Appellate Court, on appeal from judgment in that suit, held dismissal of the original suit an involuntary nonsuit within the statute.

In Carboni v. Bartlett, 290 Ill.App. 351, 8 N.E.2d 722, 725, the court was confronted with the question whether the exception in the statute applied in cases where the reviewing court reversed the decision of the lower court by passing on the merits as well as upon the procedural question submitted. In discussing Section 24, the court quoted with approval a portion of Rice v. Dougherty, 194 Ill.App. 462, saying that the section "applies only to a case where there has been no final adjudication upon the facts upon which the claim is based. Larkins v. Terminal R. R. Ass'n of St. Louis, 122 Ill.App. 246. 'The intent of the statute * * * was that the time occupied in an unsuccessful litigation touching a demand—the statutory limitation expiring during the litigation—should not prove a bar, *where the merits of the controversy had not been determined* [italics the court's], but that a period of one year should be allowed after the expiration of the unsuccessful litigation to bring a proper *action to enforce the demand*; and this whether the unsuccessful litigation be at law or in equity.' * * * Lamson v. Hutchings, 7 Cir., 118 F. 321, 55 C.C.A. 245."

No other Illinois decisions discuss the interpretation to be placed on the meaning of "nonsuit" as used in the statute, but those cited are well in accord with decisions of other jurisdictions where statutes of substantial similarity were involved. Wetmore v. Crouch, 188 Mo. 647, 87 S.W. 954, 3 Ann.Cas. 94; Harris v. Davenport, 132 N.C. 697, 44 S.E. 406; see McAndrews v. Chicago, L. S. & E. Ry., 7 Cir., 162 F. 856; Lamson v. Hutchings, 7 Cir., 118 F. 321; Moloney v. Cressler, 7 Cir., 236 F. 636; Gaines v. City of New York, 215 N. Y. 533, 109 N.E. 594, L.R.A.1917C, 203, Ann.Cas.1916A, 259. The three decisions cited from this court discussed section 24.

The Illinois courts have remarked that the statute should be strictly construed, and that "nonsuit" should be used in its strict, technical meaning. Such decisions, however, were concerned with whether a voluntary nonsuit is within the statute. Herring v. Poritz, 6 Ill.App. 208; Holmes v. Chicago & A. R. R., 94 Ill. 439; Boyce v. Snow, 187 Ill. 181, 58 N.E. 403. In order to exclude a voluntary nonsuit from the intent of the legislation, the courts distinguished between the technical common law nonsuit which is involuntary, and the voluntary nonsuit which sprang into use in Illinois about 1845. They said nothing about a dismissal for want of jurisdiction, which is clearly involuntary, and their decisions contain no intimation that if the courts had been confronted with the case at bar they would have held the dismissal not equivalent to a nonsuit.

■ The act is remedial, reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits merely because of procedural defect. Such remedial statutes should be liberally construed, so as to prevent destruction of the purpose of the legislation. Gaines v. City of New York, 215 N.Y. 533, 539, 109 N.E. 594, L.R.A.1917C, 203, Ann.Cas.1916A, 259; Coffin v. Cottle, 16 Pick., Mass., 383; McAndrews v. Chicago L. S. & E. Ry., 7 Cir., 162 F. 856; Lamson v. Hutchings, 7 Cir., 118 F. 321. In both common law nonsuit and dismissal for want of jurisdiction the order is due to some defect in the procedure or proof which prevents a trial on the merits. The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits and it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction. The contrary is clearly intimated in the only pertinent decisions; and by them we are bound. It follows that, as plaintiffs had commenced their new action within a year after the first one had been dismissed for want of jurisdiction, they were not barred.

■ Plaintiffs further urge that the District Court erred in denying two motions to strike certain paragraphs of defendant's answer. Since this cause will be reversed and remanded for trial, those objections will be submitted to the District Court. Atwood v. National Bank of Lima, 6 Cir., 115 F.2d 861; Johnson v. Ingersoll, 7 Cir., 63

F.2d 86; C. T. C. Inv. Co. v. United States, 7 Cir., 108 F.2d 383.

The judgment is reversed and remanded for further proceedings in accord with this opinion.