# Julia Masten, Plaintiff in Error, v. J. A. Cousins, Defendant in Error.

## Gen. No. 24,942.

1. AUTOMOBILES AND GARAGES, § 3*—*when question of negligent driving of automobile is for jury.* In an action by one to recover for personal injuries received in an accident to defendant's automobile in which plaintiff was riding at the time as defendant's guest, where plaintiff's evidence discloses that, at the time of the accident, defendant was driving the car on a public highway at about 40 miles an hour against plaintiff's repeated protests at driving at such speed, it is for the jury to determine whether defendant was guilty of negligence in so doing.

2. AUTOMOBILES AND GARAGES, § 3*—*when doctrine of res ipsa loquitur applies in action for injuries to guest in automobile.* The doctrine of *res ipsa loquitur* applies where it appears that plaintiff, a guest in defendant's automobile, was thrown therefrom and injured by reason of the car leaving the road and running into a tree as defendant was driving it on a public highway at a speed of about 40 miles an hour.

3. AUTOMOBILES AND GARAGES, § 3*—*when evidence in action for injuries to guest in automobile makes out prima facie case of negligence.* In an action to recover for personal injuries received through defendant's automobile, in which plaintiff was defendant's guest, leaving the road and running into a tree, throwing plaintiff out, under a count alleging negligence in driving the car on the highway at a greater speed than was reasonable and proper and so as to endanger life, limb and property, in violation of the statute, evidence disclosing that the accident occurred on a public highway and the car was being driven at about 40 miles an hour, makes out a prima facie case of defendant's negligence, by virtue of the provisions of Hurd's Rev. St. 1917, ch. 121, secs. 269j, 269q (J. & A. ¶¶ 10010, 10017).

4. AUTOMOBILES AND GARAGES, § 3*—*when evidence in action for injuries to guest in automobile does not show contributory negligence.* In an action to recover for personal injuries received through defendant's car, in which plaintiff was his guest, leaving the road, as defendant was driving it, and striking a tree, throwing defendant out, evidence that the car was being driven at 40 miles an hour on a public highway and that immediately before the accident plaintiff had several times asked defendant not to go so fast and had

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

threatened to leave the car unless he slowed down, *held* not to show that she was guilty of contributory negligence.

Error to the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded. Opinion filed December 31, 1919.

C. HELMER JOHNSON, for plaintiff in error; JAMES D. POWER, of counsel.

MILLER, GORHAM & WALES, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

The plaintiff in the trial court seeks by this writ of error to reverse a judgment entered by the Superior Court of Cook county in favor of the defendant in an action for damages for personal injuries received by plaintiff in an automobile accident. At the close of plaintiff's evidence the court instructed the jury to return a verdict finding the defendant not guilty, which they did, and the judgment followed. The contention here made by counsel for plaintiff is that the trial court erred in so instructing the jury.

Plaintiff's declaration consists of three counts. In all of them it is averred that defendant owned the automobile and on August 12, 1916, was driving the same upon a public highway, known as the "Aurora Road," about 3 miles west of the town of Naperville, in the county of Kane and State of Illinois, and that plaintiff, at defendant's request and invitation, was riding with defendant in the automobile and was at all times exercising ordinary care for her own safety. The first count charges that the defendant so negligently drove, operated and controlled the automobile upon and along said public highway that plaintiff was thrown from the automobile upon the ground there with great force and violence and received serious injuries. The second count charges that the defendant

wrongfully and negligently drove, operated and controlled the automobile upon and along said public highway at the place aforesaid at a speed greater than was reasonable and proper having regard to the traffic and the use of the way and so as to endanger life and limb or injure the property of any person, contrary to the statute of the State of Illinois, and that by reason of defendant's said negligence the automobile left the beaten path and collided with a tree, and plaintiff was thrown from the automobile and received serious injuries, and that said public highway at the place of the happening of the accident was outside the limits of an incorporated city, town or village in said county and State. The third count charged that defendant was guilty of wilful and wanton negligence in driving the automobile.

The only witness in regard to the happening of the accident was the plaintiff. She testified in substance that she, her husband and defendant were friends and that prior to the accident she had been accustomed to go riding as defendant's guest with him in his automobile; that subsequent to the accident defendant treated her as her physician for her injuries and that after she was able to go out she frequently went riding with him as before; that on the evening of August 11, 1916, she, her husband and defendant being together at Riverview Park, her husband announced his intention of being in Aurora, Illinois, on the following day and of returning to Chicago on a 7:30 p. m. train; that thereupon defendant suggested that he would drive plaintiff to Aurora, meet plaintiff's husband there, and drive all back to Chicago in the evening; that it was arranged that if plaintiff and defendant did not arrive in Aurora before 7:30 p. m., plaintiff's husband would not wait longer but would take said 7:30 p. m. train to Chicago; that about 4 o'clock in the afternoon of August 12, plaintiff met defendant by appointment in the downtown district of Chicago and they started in the automobile for Aurora, plaintiff

being seated on the front seat beside defendant; and that at Maywood certain delays occurred which defendant later undertook to make up by driving fast. Plaintiff further testified on direct examination:

"I asked him not to drive so fast. He slowed down, and  *  *  *  in a little while he said: 'We certainly will not make that train,' and I said: 'Rather than be hurt, or anybody hurt, I would rather not make it.' He speeded up, and when we got on this road—a country road, up in the center and down on the sides—the car seemed to be jumping around. In my opinion it was going 40 miles an hour just before the accident. The speedometer registered that. Before the accident I asked him not to drive so fast: 'Please do not drive so fast, and if you continue driving so fast I will have to get out.' We drove, I don't know how long, at the same speed, and the car left the road and turned into a tree. I remember a crash, and after I came to,—I don't know how long that was after,—I was lying in the ditch, about ten feet from the car.  *  *  *  I must have been temporarily unconscious. I raised myself up, and I heard Dr. Cousins calling for help."

On cross-examination, she further testified:

"I believe we got on the wrong road going out of Maywood. We came back a short distance.  *  *  *  I think I started to ask him not to go so fast in Maywood.  *  *  *  He was then going about 35 miles per hour.  *  *  *  The second time I asked him not to drive so fast was when we got on that road.  *  *  *  I think it was between Naperville and Aurora.  *  *  *  It was a crushed stone road. It was hard. It was out in the country. I asked him three or four times not to go so fast.  *  *  *  I told him if he didn't stop I would get out.  *  *  *  I don't remember what he said. He was busy taking care of the car. I think he slowed down a little bit the last time. I didn't have a chance to do anything.  *  *  *  When you asked me to tell you how long it was between the last time I asked him not to go so fast and the happening of the accident I said ten minutes. I misunderstood you. Between the first time and the happening of the accident was about ten minutes, and the next time we were

about at Naperville. * * * I think the accident happened right after the last request, probably a minute. * * * Just before the accident, I was reading this direction card and watching the speedometer. * * * We had a clear road. It was dry."

Plaintiff's testimony further disclosed that as a result of the accident she received serious and permanent injuries, that she suffered much pain and later on some nervousness, that she was treated in two hospitals, and that she did not return to her work as a professional singer until the winter of 1917-18.

In Berry on Automobiles (2nd Ed.), sec. 334, it is stated:

"The operator of an automobile who invites another to ride with him is bound to exercise reasonable care for the safety of his guest, and if by his negligence the guest is injured, the latter being in the exercise of due care, he is liable in damages therefor." (See also, *Fitzjarrell v. Boyd*, 123 Md. 497; *Patnode v. Foote*, 153 N. Y. App. Div. 494, 138 N. Y. Supp. 221; *Beard v. Klusmeier*, 158 Ky. 153; *Perkins v. Galloway*, 194 Ala. 265.)

We are of the opinion that the trial court erred in instructing the jury at the close of plaintiff's evidence to find the defendant not guilty. We think that under the facts disclosed by plaintiff's testimony it was for the jury to determine whether the defendant, in driving the automobile on said public highway at the speed he did against the repeated protests of plaintiff, was guilty of negligence. The charge of negligence in the first count was general and we think that as to that count and under the facts and circumstances disclosed the doctrine of *res ipsa loquitur* applies. It is said in *Feldman v. Chicago Rys. Co.*, 289 Ill. 25, 34, 19 N. C. C. A. 279: "The doctrine of *res ipsa loquitur* may be stated thus: When a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the

accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from the want of proper care. * * * The rule is that negligence is never presumed, but that the circumstances surrounding the case where the maxim of *res ipsa loquitur* applies, amount to evidence from which the facts of negligence may be found; that is, in a case within the maxim of *res ipsa loquitur,* proof of circumstances of such case and of the injury constitutes a prima facie case of negligence, and will justify a verdict unless such prima facie case is overcome by proof showing that the party charged is not at fault.'' Furthermore, we think that under the second count the testimony of the plaintiff made out a prima facie case of negligence on the part of the defendant, under and by virtue of the provisions of sections 269j and 269q of chapter 121 of the Statutes of this State (Hurd's Rev. St. 1917, J. & A. ¶¶ 10010, 10017). Her testimony disclosed that the accident happened on a public highway, out in the country, between Naperville and Aurora, and that just before the accident defendant was driving the automobile at a speed of 40 miles per hour (in excess of 25 miles per hour), and that suddenly the automobile left the road and turned into a tree and there was a crash.

Counsel for defendant here argue that plaintiff's testimony clearly shows that she was guilty of such contributory negligence as bars a recovery. We do not think so.

The judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*