CHICAGO—FIRST DISTRICT—OCTOBER, 1922.   287

Sears, Roebuck & Co. v. Mears Slayton Lumber Co., 226 Ill. App. 287.

---

## Sears, Roebuck & Company, Appellee, v. Mears Slayton Lumber Company, Appellant.

### Gen. No. 27,128.

1. APPEAL AND ERROR—*verdict based on testimony of one of two opposing witnesses not against weight of evidence.* The fact that a verdict for plaintiff is supported by the testimony of one credible witness who is directly contradicted by one equally credible witness for defendant, neither of whom is corroborated, does not warrant the reviewing court in setting it aside as against the weight of evidence, on the ground that plaintiff has not proven his case by the preponderance of the evidence.

2. SALES—*right of bona fide purchaser at public sale as against real owner of property sold as that of another.* A public sale of the property of an insolvent in whose custody plaintiff had placed certain property which the insolvent had manufactured for plaintiff's order and for which plaintiff had paid and which had been removed by plaintiff and later returned to the insolvent's custody, was of no effect to divest plaintiff of its title to such property, which had been sold in good faith with that of the insolvent, and to vest such title in the purchaser at such sale, there being no evidence of any agreement between plaintiff and the insolvent transferring plaintiff's title to the insolvent.

3. VALUES—*price as evidence of value.* In an action for the value of a portable house belonging to plaintiff, which defendant had bought at a public sale of the property of an insolvent in whose custody the house had been stored, is sufficiently established in the absence of anything to the contrary, by proof of the price paid therefor by plaintiff to the manufacturer at an actual, voluntary and bona fide sale.

4. PLEADING—*allegation of value not denied in affidavit of merits by defendant need not be proved.* An allegation of the value of property sued for set up in a statement of claim is ad-

mitted and no proof of value is necessary where there is no denial in defendant's affidavit of merits that the property is of the value alleged in the statement of claim.

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed October 18, 1922.

CULVER, ANDREWS & KING, for appellant.

ADLER & LEDERER, for appellee; HARRY H. KAHN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $441.06. There was a verdict and judgment in plaintiff's favor for the amount of its claim, to reverse which defendant prosecutes this appeal.

The record discloses that plaintiff was engaged in selling merchandise through the mail in 1917. It entered into a contract with the National Portable Building Company, whereby that company agreed to construct and sell to plaintiff portable houses. That in the construction of the houses the building company occupied a part of the lumber yards of the defendant; that under the agreement between plaintiff and the building company the latter built for and sold to the plaintiff from 80 to 100 houses during 1917; that on or about May 5, 1917, plaintiff received an order for a house from Ida Connors of Barberton, Ohio, and, upon receipt of this order, plaintiff advised the building company and the latter constructed the house. It was afterwards sent to the purchaser, Ida Connors, in Ohio, she having paid plaintiff for it in advance. She refused to accept the house on account of some defects and it was returned to the building company and the purchase price was refunded to her. Upon

its return plaintiff was notified and the house was unloaded and left in defendant's lumber yard. The building company became financially embarrassed and all of its property was sold at public sale including the house in question, the purchaser at the sale being the defendant. It appears that when the house was completed by the building company plaintiff paid the building company for it $441.06, less $8.25 for hardware which plaintiff had itself furnished.

The foregoing facts are undisputed. The only point in dispute on the trial was whether the plaintiff, upon being informed that the house had been returned to Chicago, made an agreement with the defendant whereby the latter was to store the house in its yards for the plaintiff until such time as the plaintiff should receive another purchaser for it or until plaintiff should give instructions to the defendant to ship the house to Cairo, Illinois, where plaintiff had a plant.

The defendant's position is that no such agreement was made; that it did not agree with plaintiff to store the house in defendant's yard. The evidence on this point is sharply conflicting,—a witness for the plaintiff testifying that such agreement was made and a witness for the defendant denying it in toto. There was also other evidence including some correspondence touching the question. The jury were specifically instructed on this point and they found in favor of the plaintiff.

We think it would serve no useful purpose to analyze this evidence in detail, but it is sufficient to say that after a careful consideration of all the evidence in the record, we are clearly of the opinion that we would not be warranted in disturbing the finding of the jury.

On this point the defendant contends that the verdict should be set aside under the rule of law that where two witnesses in a case, of equal credibility,

testify, one for the plaintiff and one for the defendant, and the testimony given by plaintiff's witness is flatly contradicted by that for the defendant, and this is all the evidence on the particular point, then plaintiff has not made out his case by a preponderance of the evidence as the law requires. There are a number of cases decided by this court and some by the Supreme Court where language was used that might, if not considered in connection with the entire opinion, sustain defendant's contention. But it is clear that this contention is not the law. For, if upon a consideration of the evidence in the record in a case in this court, we should be of the opinion that the evidence was evenly balanced, we could not, under the law, set aside the verdict because it is only where we find the verdict to be against the manifest weight of the evidence that we are authorized to disturb it. The question of preponderance does not arise at all in this court.

We had occasion to consider this question in the case of *First State Bank of Plano v. Isaacs,* 221 Ill. App. 658 (not reported), and we there said:

"We adhere to the ruling of this court as announced in *Hately v. Kiser,* 162 Ill. App. 542, as follows:

"*Peaslee v. Glass,* 61 Ill. 94, and cases in this court in which language from that case has been quoted are cited to us, as they often are in support of the position that where plaintiff and defendant directly contradicted each other without corroboration on either side on the essential basis of a case, there can be no preponderance of evidence sufficient to justify a verdict for the plaintiff, which should consequently be set aside. Whatever may have been at any time said in opinions of this court applied to the facts of the particular case, it is clear that neither the decision in *Peaslee v. Glass,* nor even the dictum of the learned judge who wrote the opinion, is ground for the declaration of any such universal rule. We still hold, as Judge McAllister said in *Herring v. Poritz,* 6 Ill. App.

208: 'It will not do to say as a matter of law that there can be no preponderance of the evidence in favor of the party holding the affirmative when there are but two (opposed) witnesses upon the facts in issue.'

"Even where the testimony of the plaintiff is without corroboration and that of the defendant is corroborated by other unimpeached witnesses, it does not necessarily follow that a verdict and judgment for the plaintiff will be set aside by a reviewing court as being against the manifest weight of the evidence. *Van Meter v. Lambert,* 104 Ill. App. 243. As was said in *West Chicago St. R. Co. v. Lieserowitz,* 197 Ill. 607: 'Even where the plaintiff was contradicted by the defendant and another witness, the judgment would not be reversed if there were elements of probability to turn the scale.' "

Moreover, we think it appears that the property in question purchased by the defendant at the time of the sale belonged to the plaintiff and that the attempted sale was of no effect. The evidence shows that plaintiff bought the property from the building company and paid for it. Plaintiff then sold the house to Ida Connors in Ohio and it was shipped to her at that place. She returned it and afterwards plaintiff made a charge on its books against the building company for the property. There was no evidence of any agreement between the building company and plaintiff that the property upon its return was to again be the property of the building company. We think it clear that the title was in the plaintiff and that the attempted sale, although made in good faith, could in no way deprive plaintiff of its ownership of the property.

Plaintiff also contends that the verdict is wrong and that the judgment should be reversed because the only evidence as to the damage sustained by plaintiff was what plaintiff paid to the building company for the house, and that such proof was not sufficient to establish the value of the house. The sale appears to have

been made in good faith and it also appears that it was free and voluntary. In these circumstances we think the price paid, nothing appearing to the contrary, was sufficient to establish the value of the house. 23 Corpus Juris, secs. 1799, 1802; *Lanquist v. City of Chicago,* 200 Ill. 69; *Rathbone v. Ayer,* 121 N. Y. App. Div. 355; *Parmenter v. Fitzpatrick,* 135 N. Y. 190; *Peoria Gaslight & Coke Co. v. Peoria Terminal R. Co.,* 146 Ill. 372; *West Skokie Drain. Dist. v. Dawson,* 243 Ill. 175; *Johnson v. Canfield-Swigart Co.,* 292 Ill. 101.

In the section cited in Corpus Juris, it is said:

"The price paid for property at an actual voluntary, and bona fide sale thereof, is presumptive evidence of its value."

And in section 1802:

"In the case of a commodity bought and sold in the open market, evidence of actual sale at a certain price is sufficient to establish that such was the market value."

In the *Parmenter* case, Judge Becker in discussing the competency of evidence of the price property sold for at private sale, as bearing on the question of value, said:

"If there were no other evidence upon the subject, it certainly would be sufficient for the jury to base a verdict upon, and, if there were other and contradictory evidence, then it should be placed before the jury for its consideration upon the question of value."

Plaintiff paid the Portable Company for the house but a few months before it was purchased by the defendant at the alleged sale. In these circumstances we think there being no countervailing evidence, the evidence was sufficient. Moreover, plaintiff in its statement of claim set up that its claim was for "$441.06, representing the value of one portable house," etc., and that the plaintiff had delivered the house to the defendant to be kept by the latter for plaintiff and then the statement sets up a breach of the debt and demands payment from the defendant for

$441.06.  The defendant in its affidavit of merits de-nies that it owes plaintiff anything and particularly denies that there was any such agreement in reference to the placing of the house in defendant's possession for plaintiff.  There is no denial in the affidavit of merits that the house was not of the value alleged in the statement of claim.  The allegation of value, there-fore, stood admitted and no proof was necessary.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.