Margaret C. Lasley, Administratrix of the Estate of Frank A. Lasley, Deceased, Appellee, v. Philo L. Crawford, Appellant.

### Gen. No. 28,227.

1. HIGHWAYS AND STREETS—*whether passenger in automobile was invited guest of owner as jury question.* In an action for damages for the death of plaintiff's intestate in an automobile accident while he was riding with defendant in the latter's car, the jury's finding that decedent was an invited guest to whom defendant owed the duty of ordinary care is supported by the evidence where it appears that defendant had made a social call at decedent's home and that while there it was proposed that the persons present should take an automobile ride, that defendant proposed that he return to his home and secure a larger car and invited his wife to accompany him, that decedent accompanied him instead with defendant's

assent and implied invitation, although the evidence is conflicting as to whether an express invitation was given, and that the fatal collision occurred on the return journey.

2. HIGHWAYS AND STREETS—*when automobile owner and his guest are not engaged in a "joint enterprise."* Defendant and decedent are not shown to have been engaged in a "joint enterprise" at the time of the collision which resulted in decedent's death where the evidence shows that decedent was the invited guest of defendant in the latter's automobile and that they had gone from decedent's home to that of defendant to secure a larger automobile owned by defendant so that the families of decedent and defendant could go pleasure riding therein, that the trip was undertaken at defendant's suggestion and that decedent was not guilty of any negligence at the time of or immediately before the fatal accident.

3. HIGHWAYS AND STREETS—*liability of owner for injuries resulting from concurrent negligence of chauffeur and third person.* The owner of an automobile in which decedent was riding with defendant as an invited guest at the time of the collision which resulted in decedent's death is liable in damages to decedent's personal representative notwithstanding the negligence of the driver of the automobile which collided with that of defendant, where the evidence shows that defendant's chauffeur was· driving his car at an excessive speed and that he attempted to pass in front of the other car at the street intersection although the other car had the right of way under the Motor Vehicle Act and that the chauffeur had seen such car approaching at a high rate of speed in time to avoid the collision.

4. HIGHWAYS AND STREETS—*necessity for specifically pleading Motor Vehicle Statute in charging negligence.* A general allegation of negligence in running, managing and operating an automobile is sufficient to charge negligence in attempting to pass in front of another car approaching the same street intersection at right angles although such other car had the right of way under the terms of the Motor Vehicle Statute and was seen by defendant's chauffeur in time to avoid the resulting collision without specific mention of the Motor Vehicle Statute, sec. 33, relating thereto, Cahill's Ill. St. ch. 95a, ¶ 34.

5. DISCONTINUANCE, DISMISSAL AND NONSUIT—*right of plaintiff to dismiss as to one joint tort-feasor after verdict.* In an action for the death of plaintiff's intestate in an automobile collision resulting from the negligence of the drivers of both automobiles, plaintiff may call as his witnesses the occupants of one of the cars and after verdict may dismiss the action as to the owner of that car and take judgment against the other defendant only.

Appeal by defendant from the Superior Court of Cook county;

the Hon. OSCAR HEBEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed April 24, 1923. *Certiorari* denied by Supreme Court (making opinion final).

MOLONEY & POSTELNEK and JOHN E. KEHOE, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment against Philo L. Crawford for $8,000, entered June 10, 1922, by the superior court of Cook county, in an action for damages because of personal injuries received by plaintiff's intestate in an automobile accident resulting in his death. The accident occurred about the middle of the afternoon of Sunday, March 27, 1921, at the intersection of Winthrop and Thorndale avenues in the City of Chicago. The action was commenced against Bernard F. Rolfe and Crawford as codefendants. The trial was had in April, 1922, resulting in a verdict of guilty as to both defendants and the assessment of plaintiff's damages at the sum of $8,000. Thereafter, on plaintiff's motion, the suit was dismissed as to Rolfe and judgment was entered against Crawford alone.

Winthrop avenue is a north and south street, intersecting at right angles Thorndale avenue. The intersection is within a residence portion of the city. Immediately prior to the accident Crawford's inclosed automobile, driven by his chauffeur named Ulbert, was moving north on Winthrop avenue on the east side of the street and approaching Thorndale avenue at a speed in excess of fifteen miles per hour. Inside the car Crawford and deceased were seated. At the same time a ''sport model'' automobile, owned by defendant Rolfe and being driven by his fourteen-year-

old daughter, Louise Rolfe, was moving west on Thorndale avenue and approaching Winthrop avenue at an excessive rate of speed. In this car, besides Louise Rolfe, were seated three companions, two boys and a girl. Ulbert, after he had entered the intersection of the two streets, attempted to pass in front of the oncoming Rolfe automobile and turned slightly towards the west, but some front portion of the Rolfe automobile came in violent collision with the right rear wheel of the Crawford automobile, causing the Crawford automobile to be propelled in a northwesterly direction, and it ran against and partially upon a third automobile, owned by Attorney General Brundage, which had been moving south on the west side of Winthrop avenue but had practically come to a standstill. The result of the two collisions was that the Crawford automobile "turned turtle" and Crawford and deceased were both injured, the latter so severely that he became and remained unconscious until his death at a hospital two days later.

Plaintiff's declaration consisted of three counts. Subsequently an additional count was filed. It is alleged in all the counts that deceased was riding in Crawford's automobile "at the invitation and with the consent of the defendant Crawford." In the first and second counts and the additional count it is charged that Crawford, through his chauffeur, negligently and unlawfully drove his motor vehicle at a rate of speed greater than was reasonable, safe or proper, etc., and in excess of fifteen miles per hour, contrary to the statute. In the third count it is charged that Crawford, through his chauffeur, "negligently, carelessly and improperly ran, managed and operated his motor vehicle," etc. In all the counts the defendant Rolfe is charged with having negligently and unlawfully consented and permitted his daughter to operate his motor vehicle when not accompanied

by him or a duly licensed chauffeur, and it is alleged that his daughter, at the time of and immediately before the collision, negligently and improperly operated said automobile, and that deceased in his lifetime was an attorney at law, earning as such $7,500 per year, and left him surviving his widow, Margaret C. Lasley, and a child, Frank A. Lasley, Jr., his only next of kin, who have both been deprived of their means of support, etc.

On the trial plaintiff called as witnesses Louise Rolfe and the other three occupants of the Rolfe automobile. They testified at length as to the details of the accident,—the movements and speed of the Rolfe automobile, the movements and speed of the Crawford automobile, etc. Crawford testified in his own behalf as to the happening of the accident, and he called as witnesses Ulbert, his chauffeur, Harry Morris, driver of the Brundage automobile, and Joseph H. Stowell, who at the time was walking west on the south side of Thorndale avenue, immediately east of Winthrop avenue. As bearing upon the question whether the deceased at the time of the accident was riding in the Crawford automobile at the invitation of Crawford, much testimony was given. It appears that the Lasleys lived in the north part of the City of Evanston and the Crawfords lived at 5245 Winthrop avenue, Chicago, a distance away of about six miles. Crawford owned two automobiles, a small open roadster and a large inclosed automobile which was in the accident. One Charles S. Ellis was a brother-in-law of Frank A. Lasley. By previous arrangement between Ellis and Crawford, Mr. and Mrs. Ellis and Mr. and Mrs. Crawford called at the Lasley home early in the afternoon. Mr. and Mrs. Ellis came in their automobile and Mr. and Mrs. Crawford in the small roadster—Crawford driving it. There was some talk about the party taking an automobile ride. The parents of Frank A. Lasley were present, and

some children, and there was not room for all in the two automobiles. Crawford volunteered to get his larger automobile. He communicated with his chauffeur, Ulbert, over the telephone, giving directions to bring the inclosed automobile to his (Crawford's) home. He then called to his wife, who was upstairs, requesting her to accompany him on his proposed trip to his home and back. She did not immediately answer his calls and the result was that Frank A. Lasley got in the roadster with Crawford and they went to the Crawford home, where, after "waiting about ten minutes," Ulbert came with the inclosed automobile, and they all started back therein to Evanston, Ulbert driving, and it was on this return trip that the accident happened. The evidence is conflicting as to whether Crawford, as he was leaving the Lasley home, asked Frank A. Lasley to accompany him on the trip to his home and back. Crawford testified that, about the time he called to his wife, "Mr. Frank Lasley jumped up from his chair and said, 'Come on Crawford, I will go with you,' and while saying this he went in the hall and got his cap and was out on the porch before I knew it. * * * He reached the car ahead of me and got in and went on with me down to my house. I did not ask him at any time to go along with me in the car. * * * After I decided to go with Mr. Lasley, I called to Mrs. Crawford and told her she needn't mind, Frank was going with me." On the other hand, Mrs. Sue B. Lasley, mother of Frank A. Lasley, testified: "I remember the Crawfords and the Ellises coming in there on the day of the accident. * * * After they came in the house, Crawford remarked to my son, 'I did not know your parents were with you, or I would have brought the larger car.' They sat around there a few minutes and * * * Crawford went to the telephone and talked a while and came back. In the meantime, my daughter, Mrs. Crawford, and Mrs. Ellis had gone up-

stairs, and when he came back from the telephone * * * he called to his wife three times. Then he turned to my son and he said, 'Would you like to drive, down with me, Mr. Lasley?' They wanted to go down for the larger car, and my son said, 'Why certainly, Mr. Crawford,' and they put on their hats and went out together.''

One of the contentions of counsel for Crawford is that Frank A. Lasley was not the invited guest of Crawford and Crawford did not owe him the duty of exercising ordinary care as charged in the declaration, and, hence, plaintiff cannot recover, even if Ulbert, Crawford's chauffeur, was guilty of negligence. If Lasley was riding in Crawford's automobile at Crawford's invitation, express or implied, Crawford owed Lasley the duty of exercising ordinary care in the operation of the automobile. (Berry on Automobiles, 2nd Ed., sec. 334; Huddy on Automobiles, 5th Ed., sec. 678; *Masten v. Cousins*, 216 Ill. App. 268, 272; *Barnett v. Levy*, 213 Ill. App. 129, 132; *Beard v. Klusmeier*, 158 Ky. 153.) In Huddy on Automobiles, sec. 678, pp. 889-90, the author says: ''The driver of a motor vehicle is under the obligation of exercising reasonable care * * * for the safe transportation of his guests or other passengers in the machine. * * * If the injured passenger is the guest of the owner of the vehicle, the owner is not released from liability merely because the machine is driven by a chauffeur or a child instead of by the owner.'' Whether Lasley was riding in the automobile at Crawford's invitation, express or implied, was a question for the jury, and we are unable to say that their verdict on this phase of the case is contrary to the evidence. While the evidence is conflicting on the question whether Crawford expressly invited Lasley to ride with him, it seems to us, under the facts and circumstances disclosed, that the jury were fully warranted in finding that Lasley was riding in the auto-

mobile at Crawford's implied invitation at least, and as his guest. And we do not think that there is any merit in counsel's further contention that plaintiff cannot recover against Crawford because at the time of the accident Lasley and Crawford were engaged in a "joint enterprise." (Huddy on Automobiles, 5th Ed., sec. 682; *Jacobs v. Jacobs,* 141 La. 272, 283; *Roy v. Kirn,* 208 Mich. 571, 584; *Hemington v. Hemington,* 221 Mich. 206, 190 N. W. 683, 684; *Wilmes v. Fournier,* 111 N. Y. Misc. 9, 180 N. Y. Supp. 860.) In the *Jacobs* case, cited with approval in *Roy v. Kirn,* it is said: "One who invites another to ride with him as his guest in an automobile is not absolved from responsibility for negligence or imprudence merely because he is performing a gratuitous service or favor to his guest." In the *Hemington* case, decided by the Supreme Court of Michigan in December, 1922, it is said: "We find no testimony supporting the claim that plaintiff and defendant were engaged in a joint undertaking or common venture.    *    *    *    The defendant *wanted company* and therefore invited her mother to accompany her. This constituted plaintiff a guest of defendant, and brings the case within the rule relative to driver and guest." And it seems clear to us, under the facts and circumstances disclosed in the instant case, that Lasley, at and immediately before the time of the accident, was not himself guilty of any negligence contributing to his injuries and death.

Counsel for Crawford further contend that the evidence discloses that the accident was due solely to the negligence of Louise Rolfe, daughter of the defendant Rolfe as to whom the suit was dismissed after verdict, and that Crawford's chauffeur was not guilty of any negligence proximately contributing to the accident. No useful purpose will be served by a discussion of the evidence as to the occurrence. Suffice it to say that after a careful reading of the abstract we are of the opinion that the jury were fully justified in find-

ing that the drivers of both automobiles were guilty of negligence, proximately contributing to the accident. Crawford's chauffeur, in approaching the intersection and while the automobile was in the intersection, was driving at an excessive rate of speed, in violation of the statute pertaining to a residential district as charged in several counts of the declaration. He also negligently and improperly ran and operated the automobile, as charged in the third count of the declaration, in that, in violation of section 33 of the Motor Vehicle Law of this State (Cahill's Ill. St. 1921, ch. 95a, ¶ 34), at the said intersection he attempted to pass in front of the rapidly moving Rolfe automobile, which was approaching said intersection "from the right" and had the right of way, and which he saw approaching. (*Lenartz v. Funk*, 224 Ill. App. 180; *Partridge v. Eberstein*, 225 Ill. App. 209.) And the general allegations of negligence contained in the third count were sufficient. (*Illinois Cent. R. Co. v. Aland*, 192 Ill. 37, 40; *Chicago & A. R. Co. v. Redmond*, 70 Ill. App. 119, 121-2.) It was not necessary to mention in the count said Motor Vehicle Statute. (*Wagner v. Chicago, R. I. & Pac. R. Co.*, 277 Ill. 114, 120.) Furthermore, independent of the questions whether Crawford's chauffeur violated the statute as to the speed of the automobile or violated the statute relating to right of way at street intersections, we think that the jury were fully justified in finding that he, by the exercise of ordinary care, should have discovered the approach of the Rolfe car in time to have avoided the accident and was negligent in not doing so.

Counsel criticise the action of plaintiff's attorney in calling the occupants of the Rolfe automobile as plaintiff's witnesses to prove plaintiff's case as alleged against both defendants and, after verdict, dismissing the suit against the defendant Rolfe. The suggestion is made that there was collusion, or an improper understanding or agreement, between plain-

tiff or plaintiff's attorney and Rolfe. We fail to discover any evidence in the record warranting the suggestion. And, under the law of this State, plaintiff had the right, if she saw fit, to dismiss the suit against Rolfe after verdict and take judgment on the verdict against the remaining defendant, Crawford. (*Illinois Cent. R. Co. v. Foulks*, 191 Ill. 57, 69; *Postal Tel.-Cable Co. v. Likes*, 225 Ill. 249, 265; *Humason v. Michigan Cent. R. Co.*, 259 Ill. 462, 470.)

Complaint is made of the action of the court in giving to the jury instruction No. 13, offered by plaintiff. We have carefully examined this instruction, in connection with counsels' elaborate argument concerning the same, and we do not think that the giving of it warrants a reversal of the judgment, as claimed. Complaint is also made of the refusal of the court to give instructions numbered 25, 27, 28 and 30, tendered by the defendant Crawford. The jury were fully and fairly instructed and we think that the matters contained in said refused instructions were sufficiently covered in other given instructions.

Complaint is also made of certain alleged improper conduct on the part of plaintiff's attorney during the trial, and of the action of the court in refusing Crawford's motion, because of such alleged misconduct, that a juror be withdrawn and the cause continued. We do not think that the court erred in the ruling, or that, in view of plaintiff's attorney's subsequent statement to the jury, Crawford was in anywise prejudiced because of the happening of the incident.

For the reasons indicated the judgment of the superior court is affirmed.

*Affirmed.*

BARNES, P. J., and FITCH, J., concur.