**Mills & Company, Appellee, v. F. L. Duke, Appellant.**

**Gen. No. 28,180.**

1. APPEAL AND ERROR—*when judgment not against weight of evidence.* A judgment for plaintiff cannot be reversed on appeal as contrary to the manifest weight of a preponderance of the evidence in the cause where the evidence in support of the only issue

in the case is given by a single witness and contradicted by another witness, both of whom appear to be equally credible.

2. HARMLESS AND PREJUDICIAL ERROR—*when prejudice from offer of inadmissible testimony not reversible.* In an action by an employer against an employee for the recovery of expense money advanced to the defendant under a contract of employment which was terminated by the discharge of the employee, prejudice from the repeated attempts of plaintiff to get before· the jury the reports of detectives as to defendant's conduct during the term of employment and the asking of an improper question as to whether he had been out with a woman during that period is not reversible where defendant himself testified that plaintiff's officers had spoken to him about the detectives' reports and that he had gone to matinees during the time which his contract required him to work for plaintiff.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed February 20, 1924.

AARON R. EPPSTEIN, for appellant.

EMIL TARNOPOL and JOSEPH J. LELIVELT, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $670.78. There was a verdict and judgment in plaintiff's favor for the amount it claimed.

The record discloses that on May 26, 1920, the parties entered into a written agreement whereby plaintiff employed the defendant in the capacity of a salesman in selling aprons and house dresses, the period of employment beginning June 15, 1920, and ending December 30, 1920. It provided that the defendant should devote all of his time to the work for which he was to be paid certain commissions. He had a drawing account not to exceed $125 per week, which was to be charged against the commission he earned. The contract further provided that in case defendant was in

the employment of plaintiff on and after January 1, 1921, he was to be given the privilege of purchasing stock in plaintiff's company of the par value of not to exceed $10,000, "upon terms and conditions to be agreed upon between the parties." On July 24, 1920, plaintiff having become dissatisfied with the defendant's services, discharged him and it is plaintiff's contention that at that time an account was stated between them, whereby it was agreed that defendant owed plaintiff $670.78, which he would pay as soon as he was able to do so. This amount was principally made up of the $125 per week which defendant had drawn for seven weeks. The defendant's version of the meeting between the parties on July 24, 1920, was that plaintiff's representative stated that plaintiff had reports from detectives showing that the defendant had spent a great deal of his time in conducting his own business, which was located in the Leiter stores at State and Van Buren streets, Chicago. And that the reports also showed that the defendant had been going to matinees, and otherwise neglecting his duties. And that it was agreed between the parties that the contract between them should be terminated, the defendant retaining what money he had received and waiving any rights under the contract for future employment and the purchase of stock in plaintiff's company.

The defendant contends that there was but a single issue of fact to be determined, viz., what was said between the parties when defendant was discharged on July 24, 1920; that a witness for plaintiff testified to the effect that the defendant admitted an indebtedness of $670.78 to plaintiff and agreed to pay it; while the defendant testified to the effect that if he would give up his right of employment under the contract and his right to purchase any stock under the contract, he was to retain the $670.78. And he argued that in such case the law is that, there being merely the sworn affirmation of one party and the sworn denial of the other, both having equal means of information and

both being unimpeached, and each testifying to a state of facts equally probable, plaintiff cannot recover. In support of this the case of *Peaslee v. Glass,* 61 Ill. 95, and *Hanecy v. Page,* 213 Ill. App. 650, are cited. It never was the law in this State that if upon consideration of all the evidence in the record by a court of review, that, should that court be of the opinion that the evidence was evenly balanced, the plaintiff could not recover and judgment should be set aside. *First State Bank of Plano v. Isaacs,* 221 Ill. App. 658; *Hately v. Kiser,* 162 Ill. App. 542; *Sears, Roebuck & Co. v. Mears Slayton Lumber Co.,* 226 Ill. App. 287. Where the controlling point in the case is supported by the testimony of one witness and contradicted by another witness who, from the reading of the printed page of the record, appears to be equally credible, a court of review is not warranted in disturbing the verdict of the jury, because under the law this court cannot disturb the verdict of a jury unless it is clearly against the manifest weight of the evidence. The question of the preponderance of the evidence does not arise at all in this court. There are many things which a jury observes on the trial in such case that do not appear from the printed record—the appearance of the respective witnesses, their manner of testifying and a great many other circumstances. They are in a much better position in such case to determine the truth of the matter in controversy than a court of review. This being the law, of course, we cannot disturb the verdict of the jury in the instant case.

Even in a criminal case where the law requires proof of the defendant's guilt beyond a reasonable doubt, a judgment of conviction will not be reversed merely because only the complaining witness testifies to the commission of the crime and he is contradicted by the defendant. *The People v. Greenberg,* 302 Ill. 566; *The People v. Boetcher,* 298 Ill. 580; *The People v. Maciejewski,* 294 Ill. 390.

In the *Greenberg* case, the court said (p. 568):

"This court has more than once said that a conviction will not be reversed simply because only the complaining witness testifies to the commission of the crime and he is contradicted by the accused." (See also *Buck v. Morris*, 234 Ill. App. —.)

The defendant further contends that the judgment should be reversed on account of the plaintiff's witness and his counsel endeavoring to get before the jury written reports made by the detectives as to their observations of the conduct of the defendant. And further that the conduct of counsel for the plaintiff in asking the defendant whether he had not been with a woman on a certain day when he was supposed to be working for the plaintiff was prejudicial; that although the court's ruling was correct in excluding this evidence and in refusing to permit the question to be answered, it was highly prejudicial and was not cured by the ruling of the trial court. If this were a case where it had not been admitted that plaintiff had told the defendant that it had detective reports showing that defendant had been neglecting his duties and if the defendant had not admitted that he had not put in all his time as the contract provided, we think the point would be well taken, as the action of the witness for the plaintiff in repeatedly attempting to have the detective reports submitted was clearly prejudicial, as was also the question asked by plaintiff's counsel. But the defendant testified that plaintiff's president had spoken to him about the detective reports which tended to show that the defendant was neglecting plaintiff's business. He further testified that he had gone to matinees during the period covered by the contract. In these circumstances, we think we would not be justified in disturbing the verdict and judgment.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.