George Eimer, Defendant in Error, v. Christie Miller, Plaintiff in Error.

Gen. No. 33,665.

AARON R. EPPSTEIN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against Frank Miller, Christie Miller, Frank Cushna and Elmer Schumacher to recover damages for personal injuries. Before the trial Frank Miller died and the suit was dismissed as to him and as to Frank Cushna. The case was tried before a judge and a jury and on June 2, 1928, there was a verdict finding the defendants, Christie Miller and Elmer Schumacher, guilty and assessing plaintiff's damages at $9,500. · Plaintiff and defendants each entered a motion for a new trial and on June 9 defendants' motion was withdrawn, plaintiff's motion was allowed and a new trial awarded. Afterwards, on January 17, 1929, the case was again tried. The jury returned two separate verdicts, one finding the defendant Schumacher guilty and assessing plaintiff's damages at $3,000 and the other finding Christie Miller guilty and assessing plaintiff's damages at $9,000. Both defendants made a motion for a new trial. Afterwards, on motion of plaintiff, the verdict against Schumacher was vacated and the suit as to him dismissed. The defendant Miller's motion for a new trial was overruled and judgment of $9,000 entered on the verdict. He was allowed an appeal to this court upon filing a bond and bill of exceptions. No bond was filed but afterwards he sued out this writ of error.

The record discloses that on April 15, 1926, plaintiff, who was about 45 years old, was working for the defendant Frank Miller, the latter being a contractor in the business of constructing tile partitions in buildings. The building on which plaintiff was working on the day in question was located at the northeast corner of 22nd Street and Highland Avenue, Cicero. 22nd Street runs east and west and Highland Avenue north and south. The defendant Christie Miller was also

working for his father, Frank Miller. He lived with his father at 3038 Ardmore Avenue, Chicago, which is several miles north of the place where plaintiff was working. They finished their day's work at 4:30 in the afternoon but were requested to stay after working hours to remove some tile that had been left over from the fourth floor of the building so that plasterers would not be detained the next morning when they came to work. Plaintiff and defendant Christie Miller proceeded to do this, which required about an hour's time. When this was done both men got into Miller's Ford truck, the truck being driven by Miller north in Highland Avenue, and when they were crossing 16th Street, an east and west street, a collision occurred between the truck and a Dodge sedan automobile which was being driven west by the defendant Schumacher in 16th Street. Plaintiff was so severely injured that it was necessary to amputate his left leg, and he was otherwise injured.

One of the defenses interposed was that plaintiff and his employer, Frank Miller, were under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, and therefore the common-law action would not lie. On this question plaintiff's theory was that he had finished his day's work before he got into the Ford truck and was on his way home and therefore the Workmen's Compensation Act did not apply. On the other hand the defendants' contention was that at the time of the accident plaintiff and the defendant Christie Miller had not completed the day's work but were driving north to go to a building at number 2621 West Chicago Avenue, where Frank Miller had recently finished a job and there load the truck with left over material, and when this was done plaintiff, who lived at 2509 West Chicago Avenue, a short distance away, would go to his home, and Christie Miller was to proceed north to his home on Ardmore Avenue with the material which he was instructed to return the next

morning to the party from whom it had been purchased and receive credit therefor.

Plaintiff has filed no brief in this court but it appears from the record that both parties assumed the law to be that if plaintiff's work had been completed before the accident, the compensation act would not apply. This undoubtedly is the law. *Schweiss v. Industrial Commission,* 292 Ill. 90; *Wabash R. Co. v. Industrial Commission,* 294 Ill. 119; *Wicks v. Cuneo-Henneberry Co.,* 234 Ill. App. 502, same case affirmed in 319 Ill. 344. This question was submitted to the jury who found in favor of the plaintiff and the defendants contend that the finding is against the manifest weight of the evidence, the argument being that plaintiff's testimony to the effect that his day's work was done before the accident was uncorroborated and he was contradicted by three other witnesses, viz., William Mullenberg, foreman on the job, Louis Underwood, a laborer, and Christie Miller, the defendant. And the case of *Peaslee v. Glass,* 61 Ill. 94, is cited, in which case it was said: ''Where the issue rests upon the sworn affirmation of one party and the sworn denial of the other, both having the same means of information and both unimpeached, and testifying to a state of facts equally probable, a conscientious jury can only say that the plaintiff has failed to establish his claim. Without saying that this court would set aside a verdict for the plaintiff, rendered in such cases, on the ground alone that it was not sustained by the evidence, we must set aside one resting only upon the evidence of the plaintiff when that is contradicted not only by the defendant but also by another witness, and there are no elements of probability to turn the scale. Such is the present case.'' The *Peaslee* case only holds that the court will reverse a judgment when the verdict of the jury rests alone on the testimony of the plaintiff and he is positively contradicted by the defendant, who is corroborated by an unimpeached wit-

ness. That case has, however, often been cited as holding that a verdict will be set aside which rested alone upon the testimony of one party who is contradicted *in toto* by another where both appear to be equally credible. The case does not so hold. What is said on this question applies to the trial court but not to a court of review, and is but *dictum* (*Hately v. Kiser*, 162 Ill. App. 542) and never has been announced as the law in this State by our Supreme Court. See *Federal Coal Co. v. Peerless Coal Co.*, 239 Ill. App. 650; *Buck v. Morris*, 234 Ill. App. 649 (not reported); *Mills & Co. v. Duke*, 232 Ill. App. 277; *Simpson v. Foreman*, 236 Ill. App. 646; *First State Bank of Plano v. Isaacs*, 221 Ill. App. 658; *Hately v. Kiser*, 162 Ill. App. 542; *Sears, Roebuck & Co. v. Mears Slayton Lumber Co.*, 226 Ill. App. 287; *West Chicago Street R. Co. v. Lieserowitz*, 197 Ill. 607; *Libby, McNeill & Libby v. Cook*, 222 Ill. 206; *Herring v. Poritz*, 6 Ill. App. 208.

We have carefully considered the testimony of all the witnesses on this point and are of the opinion that we would not be warranted in holding that the verdict of the jury in favor of the plaintiff's version is against the manifest weight of the evidence.

Complaint is also made that the verdict of the jury finding that the defendant, Christie Miller, was not without fault which proximately contributed to the plaintiff's injuries, is against the manifest weight of the evidence. As is usually the fact in such cases, there was variant evidence as to how the accident occurred. The evidence on behalf of plaintiff tended to show that the Ford motor truck, in which he was riding, was traveling from 18 to 20 miles an hour and that it reached the intersection before the Dodge sedan which Schumacher was driving, while there was other evidence to the effect that the Ford motor was traveling at a much greater rate of speed than the Dodge car and that the Dodge car reached the intersection first. All of the witnesses agreed, however, that the Dodge

car struck the Ford truck at or near the right hind wheel, the Ford truck passing in front of the Dodge car.

The jury was instructed as to the law where automobiles meet at intersections, such as the one involved. No complaint is made and we think none could be made, that the defendant did not receive the benefit of this law in the instructions. We think the question was a proper one for the jury and we are unable to say that their finding is against the manifest weight of the evidence. Nor are we able to say that the finding of the jury that plaintiff was not guilty of contributory negligence is against the manifest weight of the evidence. He testified that as the Ford truck was approaching 16th Street he called the driver, Christie Miller's, attention to the fact of the approaching sedan. We think the question whether the plaintiff was exercising due care for his own safety was likewise a question for the jury to determine.

The defendant further contends that there is a variance between the declaration and the proof. An examination of the abstract of record fails to show that any such variance was pointed out on the trial. In these circumstances the point is not saved. If there was a variance and it had been pointed out, plaintiff would have a right to amend. But in any event, we think the contention is not borne out by the record. In the first count it was alleged that Frank Miller and Christie Miller, defendants, carelessly and improperly managed the motor vehicle and that Cushna and Schumacher carelessly drove and managed the other vehicle and that through such negligence plaintiff was injured. The point made by the defendant is that the declaration, after charging the negligent driving of the two machines, alleged that plaintiff was injured through the improper conduct of Cushna and Schumacher. While the declaration might have been drawn more accurately, we think it is sufficient after verdict.

The third count of the declaration charged both Miller and Schumacher with driving their respective cars in excess of 15 miles an hour, which was greater than was reasonable and proper, having regard for the traffic and use of the way, according to the statute. We think this count was good.

A further point seems to be made that the evidence shows that plaintiff was a mere licensee while riding in the Ford truck, while the declaration alleged that he was a passenger. Plaintiff's evidence tends to show that he was traveling *gratis* in the Ford truck. We think the word "passenger" in the declaration is comprehensive enough to designate the relation of plaintiff to the defendant at the time in question. In *Barnett v. Levy,* 213 Ill. App. 129, and *Masten v. Cousins,* 216 Ill. App. 268; *Lasley v. Crawford,* 228 Ill. App. 590; sec. 692, Berry on Automobiles, 6th Ed., it was stated in substance that where one is riding *gratis* in the automobile of another, the latter is bound to exercise reasonable care for the safety of his guest, and if he does not do so and the guest is injured, he is liable. The question whether there were different degrees of care required in certain circumstances was not discussed and is not involved in this case because it was submitted to the jury on the theory that the defendant was required to exercise ordinary care for the safety of plaintiff.

An interesting discussion of the degree of care required where one is traveling *gratis* in the motor car of another may be found in *Massaletti v. Fitzroy,* 228 Mass. 487; *O'Brien v. Woldson,* 149 Wash. 192.

Complaint is also made to the ruling of the trial court on the admission and exclusion of evidence and in restricting cross-examination of the defendant Schumacher, who was called as a witness and testified for the plaintiff. We think that the court sustained objections to questions put to this witness on cross-examination which should have been overruled. Some of the

objections were highly technical and should not have been made. The objection to the testimony of Mrs. Bruce we think was properly overruled. Plaintiff offered evidence to the effect that Frank Miller was not at 22nd Street and Highland Avenue on the afternoon of the day of the accident. Defendant offered evidence to the contrary. In rebuttal plaintiff called Mrs. Bruce, who testified that she was a sister-in-law of plaintiff and was at the hospital where he was taken after the accident, about midnight, and there met Frank Miller; that Miller stated he was not at 22nd Street and Highland Avenue on the afternoon of the day in question because he was to see his doctor that afternoon. The objection to this testimony is that it was made out of the presence of Christie Miller, that Frank Miller was dead and could not contradict him. We know of no rule of law that would exclude this evidence although defendant was not in a position to contradict it. Frank Miller was not a party to the suit at the time the testimony was given, and we think the evidence was entirely proper.

Upon reading the entire testimony, we think that the error was not such as would warrant us in interfering with the judgment, nor do we think that the conduct of plaintiff's counsel unduly prejudiced the defendant. In fact we think the objections made are rather trivial and more technical than meritorious. Further complaint is made that the court erred in giving plaintiff's instruction number 4, by which the jury were told that while plaintiff must prove his case by preponderance or greater weight of evidence, still the proof need not be the direct evidence of persons who saw the occurrence, but that the facts might also be proved by circumstantial evidence; but this instruction was inapt because all of the witnesses who testified concerning the happening of the collision were eyewitnesses; but we are also of the opinion that this instruction could not have prejudicially affected the defendant. A read-

ing of the instructions given, we think, discloses the fact that defendant's rights were at least, if not more fully, protected than the law warranted.

It is further contended that the court erred in receiving the two separate verdicts and afterwards setting aside the verdict as to the defendant, Schumacher, and permitting the plaintiff to dismiss as to him. We think the practice followed was proper. *Bartolai v. Willett Co.*, 255 Ill. App. 630 (Abst.); *Lasley v. Crawford*, 228 Ill. App. 590; *Nordhaus v. Vandalia R. Co.*, 242 Ill. 166.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.