FIRST NATIONAL BANK OF MOUNT PROSPECT, Plaintiff-Appellee, *v.* ALLEN B. YORK *et al.*, Defendants.—(JOHNSON FORD, INC., Defendant-Appellant.)

(No. 60632;

First District (1st Division)—April 7, 1975.

Masor, Pitler, Wagman, & Mandell, of Chicago (Philip L. Mandell, of counsel), for appellants.

Norman & Billick, of Chicago (James M. Gillespie, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

In this case, heard by the trial court without a jury, no evidence was offered and the court disposed of the matter on a written stipulation of fact by counsel. The court entered judgment in favor of First National Bank of Mount Prospect (plaintiff) and against Johnson Ford, Inc. (defendant) for $3716.58 plus interest of $433.50, attorneys' fees of $260 and costs of $40.03; a total of $4450.11. This was entered upon the second count of plaintiff's complaint. On the first count, judgment was entered by default against codefendant, Allen B. York, for the same amount. Defendant has appealed.

The case involves conversion of an automobile. In this court, defendant urges that the measure of damages for the conversion of personal property is the fair market value at the time of conversion and that the price paid at an actual voluntary and bona fide sale is presumptive evidence of value. Plaintiff responds that the trial court properly awarded damages on the basis of the terms of plaintiff's repurchase agreement covering the automobile rather than upon fair market value and also that the trial court properly entered a judgment for plaintiff on the basis of the only proper evidence of damages presented.

We will summarize the stipulation. On July 27, 1971, Allen B. York, the codefendant, purchased a new 1971 Oldsmobile. Total deferred payments of $5002.20 remained on the purchase price. On the next day, the seller assigned its retail installment contract on this automobile to plaintiff. At the same time, the seller executed a repurchase agreement. This provided that, if plaintiff found it necessary to repossess the motor vehicle by virtue of default by the buyer, the seller would, on demand, repurchase the car for a cash price equal to the amount unpaid on the contract plus all costs and expenses including attorney's fees incurred by plaintiff. Certificate of title to the motor vehicle evidenced the lien of plaintiff thereon.

On November 2, 1971, the buyer of the automobile, codefendant York, went to the showroom of defendant in Chicago and purchased a new Ford automobile. He gave defendant possession of the Oldsmobile without exhibiting the certificate of title. He signed a purchase order for the new Ford showing a cash balance due defendant of $1796 and also signed and gave defendant a bill of sale to the Oldsmobile with clear title due in 7 days. At that time, defendant made an analysis of the condition of the Oldsmobile. "Following the completion of this transaction" and delivery of the Ford to York, defendant sold the Oldsmobile to a dealer in Alabama and received $2600 cash.

Codefendant York never paid for the Ford and never gave defendant title to the Oldsmobile. York failed to return to defendant's place of business. After approximately 1 month, defendant located and repossessed

the Ford, which then had been driven for 3000 miles. Defendant contacted the dealer in Alabama and was advised that this dealer had disposed of the Oldsmobile to a different purchaser. The codefendant York had been in default in his payments to plaintiff beginning November 1, 1971. The balance due on the repurchase contract was then $3716.58.

The stipulation then proceeded to summarize the pleadings. Plaintiff's complaint is in tort for conversion of the Oldsmobile. The sale of this car by defendant to the dealer in Alabama was an "arm's length" transaction and Alabama is a nontitle state. It was further agreed that plaintiff claims damages in the precise amounts later found and awarded by the court. Defendant claims that plaintiff's damages are limited to the fair market value at the time of the conversion which was $2600 based on the "arm's length" sale of the converted vehicle.

■■■ It is clear that the Oldsmobile was converted by defendant. In our opinion, this conversion took place in Chicago on November 2, 1971, when defendant accepted possession of the automobile from the purchaser thereof, the codefendant York. This was done with intent to obtain title to the car for the benefit of defendant and as his part of the trade-in transaction involving the new Ford. Defendant thus committed a wrongful act in accepting possession of the Oldsmobile from York with this intent. Defendant violated the provisions of The Illinois Vehicle Code when it accepted possession of the automobile without the certificate of title and then sold the car to the Alabama dealer. (See Ill. Rev. Stat. 1973, ch. 95½, pars. 3—101 and following, and also pars. 5—101(i) and 5—102 (i). See also *Landfield Finance Co. v. Feinerman*, 3 Ill.App.3d 487, 490, 279 N.E.2d 30 and *Bentley, Murray & Co. v. La Salle Street Trust & Savings Bank*, 197 Ill.App. 322, 324.) The only remaining question is the measure of damages.

The proper measure of damages in this type of situation is the market value of the property at the time of the conversion. This is established by *S. T. Enterprises, Inc. v. Brunswick Corp.*, 57 Ill.2d 461, 469, 470, 315 N.E.2d 1, in which the court held:

"The measure of damages in trover is the market value of the property at the time of conversion with interest from that time. (*Schwitters v. Springer*, 236 Ill. 271, 275.)"

See also *Lee Shell Co., Inc. v. Model Food Center, Inc.*, 111 Ill.App.2d 235, 248, 250 N.E.2d 666.

We reject plaintiff's argument that the proper measure of damages should be predicated upon the terms of the repurchase agreement. Defendant was a complete stranger to this agreement and we see no legal basis for enforcing it against defendant. The only authority cited in this regard by plaintiff is *Colorado Kenworth Corp. v. Whitworth* (1960), 144

Colo. 541, 357 P.2d 626. There the court allowed lost profits as an item of special damages in a conversion case on the theory that this was a probable result of the conversion. We are not prepared to change the accepted, generally known and established law of Illinois on the basis of this argument.

The remaining contention raised by defendant is that the judgment should have been only in the amount of $2600, being the price received by defendant for the property in an "arm's length" transaction. Defendant relies upon *Weiland Tool & Mfg. Co. v. Whitney*, 100 Ill.App.2d 116, 241 N.E.2d 533 and *Sears, Roebuck & Co. v. Mears Slayton Lumber Co.*, 226 Ill.App. 287. These authorities do not assist defendant. In *Weiland*, the court held that the trial court did not commit error by refusing to accept the sale price of the property as the proper measure of damages. See 100 Ill.App.2d 116, 136. (Note partial reversal of *Weiland* in 44 Ill.2d 105, 251 N.E.2d 242.) In *Sears*, the court held that the price paid in a "free and voluntary" sale made "in good faith" was sufficient to establish value where there was "nothing appearing to the contrary * * *." See 226 Ill.App. 287, 292.

However, the case before us does not fall within this category. Alabama does not have a motor vehicle certificate of title law and, therefore, a serious issue arises as to the probative value of this sale made without the certificate of title. Defendant could not assert that it had the certificate when it made the Alabama sale since that document would have indicated the interest of plaintiff in the automobile. Furthermore, since the Alabama sale was consummated by two automobile dealers the consideration paid was not necessarily the market value of the car.

In addition, the correct measure of damages for conversion is the value of the chattel at the place of conversion, here in Illinois. This is established by a number of authorities such as *E. Kronman, Inc. v. Bunn Bros.* (1929), 265 Mass. 549, 163 N.E. 711; *Murdoch v. Biery* (1921), 269 Pa. 577, 112 A. 772.

■■ Insofar as the judgment in favor of plaintiff awards damages against defendant, Johnson Ford, Inc., it is reversed. The cause is remanded to the trial court with directions that the court ascertain the fair market value of the converted automobile at the time and place of the conversion, plus interest at the legal rate from that date to the entry of judgment and that the judgment then be modified by the trial court to that amount.

Judgment reversed and cause remanded with directions.

BURKE, P. J., and SIMON, J., concur.